UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER M. BALSLEY,**

    **Plaintiff,**

    v.

**BOY SCOUTS OF AMERICA,** *et al.,*

    **Defendants.**

Civil Action 2:15-cv-2823
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Christopher M. Balsley, an Ohio resident who is proceeding without the assistance of counsel, brings this state and federal discrimination action against the Boy Scouts of America, the Muskingum Valley Council, BSA, and various individuals associated with these organizations (collectively "Defendants"). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at \*2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Defendants rejected Plaintiff's application to serve as a

leader in his son's Cub Scout pack in Muskingum County, Ohio. Defendants met with Plaintiff on numerous occasions to discuss his application, and Plaintiff sent Defendants several letters, including one in which he set a deadline after which he would pursue legal action against them. Plaintiff's Complaint appears to allege that although he meets all of the stated requirements to serve as a scout leader, Defendants rejected his application for discriminatory reasons. Plaintiff alleges that Defendants actions thereby violate 42 U.S.C. § 1983, the Civil Rights Act of 1964, and Ohio's public accommodations anti-discrimination law. (ECF No. 1-2 at 40-45.)

Plaintiff is attempting to bring at least some of his federal claims pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights. The undersigned concludes, however, that Plaintiff's Complaint cannot support a cause of action under § 1983. In order to plead a cause of action under § 1983, Plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). *See also Dist. Atty's Office v. Osborne*, 557 U.S. 52, 129 S.Ct. 2308, 2318 (2009) (explaining that § 1983 is a federal civil rights statute "which gives a cause of action to those who challenge a State's 'deprivation of any rights . . . secured by the Constitution.'"). Plaintiff, however, has pleaded neither a deprivation of a right secured by the Constitution or laws of the United States, nor any action under color of state law. Plaintiff's participation in his son's scouting activities is not protected by federal law, and Plaintiff has pleaded no facts that would allow an inference of a Constitutional violation. Further, Boy Scouts of America is not a state actor, and its acts with respect to Plaintiff were not undertaken under color of state law.

Plaintiff also alleges violations of federal and state anti-discrimination statutes. In his

Complaint, Plaintiff describes many interactions with Defendants from May 16 until September 8, 2015 including his paid application to become a scout leader (ECF No. 1-2 at 16-17), the Muskingum Valley Council's refusal to accept his application to serve as a scout leader (*see* ECF No. 1-10), his complaint filed with the Muskingum Valley Council (ECF No. 1-13), and Defendants' decision to bar Plaintiff from participating in or being present at scouting functions. (ECF No. 1-2 at 30-31.) Plaintiff's factual allegations, however, do not allow the Court to reasonably infer that Defendants are liable for the alleged conduct. Plaintiff has not alleged any facts that would support an inference of discrimination or discriminatory motive. Rather, Plaintiff's Complaint suggests that the local scouting association merely exercised a permissible degree of discretion in both selecting its troop's leadership and in restricting participation in the troop's activities in order to avoid unnecessary disruption. That Plaintiff disagrees with Defendants' exercise of discretion, and is prevented by it from participating in his son's scouting activities, is not sufficient to show that he is entitled to relief in this Court.

Plaintiff has failed to plead facts sufficient to show that he is entitled to relief under either § 1983 or federal anti-discrimination law. Therefore, it is appropriate to decline jurisdiction over Plaintiff's state claim, which does not independently satisfy the requirements of federal diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** this action

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: September 14, 2015                                  /s/ *Elizabeth A. Preston Deavers*
                                                       ELIZABETH A. PRESTON DEAVERS
                                                       UNITED STATES MAGISTRATE JUDGE